Matter of Harge v City of New York (2020 NY Slip Op 03075)





Matter of Harge v City of New York


2020 NY Slip Op 03075


Decided on May 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2020

Friedman, J.P., Gische, Webber, Gesmer, Oing, JJ.


150868/19 11569A 11569

[*1]In re Dana Harge, Petitioner,
v
City of New York, Respondent.


The Law Office of Fred Lichtmacher P.C., New York (Fred Lichtmacher of counsel), for petitioner.
James E. Johnson, Corporation Counsel, New York (Lorenzo DiSilvio of counsel), for respondent.



Determinations of respondent, dated September 25, 2018, which, after a hearing, found petitioner guilty of multiple New York City Police Department patrol guide violations arising from five separate incidents, and ordered a one-year dismissal probation, forfeiture of 31 suspension days already served, and forfeiture of 20 vacation days, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Carol R. Edmead, J.], entered on or about April 8, 2019) dismissed, without costs.
All charges sustained are supported by substantial evidence in the record (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). We find no reason to overturn the assistant deputy commissioner's credibility determinations, which are "largely unreviewable" (see Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]). As for the charges arising from an alleged domestic violence incident, "[i]t is well-settled that hearsay is admissible in administrative proceedings, that it may be the basis for an administrative determination and — if sufficiently relevant and probative — may constitute substantial evidence alone" (Matter of Rosa v New York City Hous. Auth., Straus Houses, 160 AD3d 499, 500 [1st Dept 2018]).
We do not find the penalty to be so disproportionate as to shocks one's sense of fairness (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]; Administrative Code of City of NY § 14-115[a], [d]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2020
CLERK